UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

| | |
|---|---|
| REHABCARE GROUP EAST, INC. d/b/a REHABCARE GROUP THERAPY SERVICES, INC., | ) ) ) ) |
| PLAINTIFF, | ) ) ) |
| v. | CASE NO.  1:11CV66-SPM/GRJ |
| | ) ) |
| HEALTH FACILITIES, INC. d/b/a TRI-COUNTY NURSING HOME, | ) ) ) |
| DEFENDANT. | ) |

**AGREED PROTECTIVE ORDER**

Plaintiff, RehabCare Group East, Inc. d/b/a RehabCare Group Therapy Services, Inc. ("RehabCare"), joins with Defendant, Health Facilities, Inc. d/b/a Tri-County Nursing Home, to stipulate to entry of this Agreed Qualified Protective Order (the "Order").  This Order is necessary because certain documents that will be produced in discovery, or that have already been produced, contain confidential business information and "Protected Health Information," as that term is defined by the Health Insurance Portability and Accountability Act of 1996 ("HIPAA").  Therefore, the parties request that the Court enter this Order.

IT IS HEREBY ORDERED:

The parties desire that confidential materials not be disclosed to anyone other than those designated herein or used outside of the scope of this case. In order to protect the confidentiality of materials produced by any party, to the greatest extent possible consistent with the requesting party's desire to examine and use the documents and materials in the course of this litigation, and to address this situation should it arise in the course of future discovery, the undersigned parties agree that this and all future discovery shall be governed as follows:

    1.    a.    This Order governs the handling of all documents, meaning all written, recorded, transcribed, printed or impressed matter of any kind, however produced or reproduced, including but not limited to, all documents containing "Protected Health Information" as defined by HIPAA, sound or pictorial recordings, computerized information, books, pamphlets, letters, memoranda, telegrams, handwritings, charts, papers, writings, printings, transcriptions, tapes, cancelled checks, financial records, bookkeeping entries and records or information of any kind (collectively, "Material") produced, given or filed during discovery and other proceedings in this action.

        b.    The provisions of this Order shall apply to (i) the named parties to this action, (ii) all attorneys for such parties, and (iii) any other person producing or disclosing Material in this action who agrees to be bound by the

terms of this Order. "Person" includes the named parties and others who have agreed to be bound by this Order; "Parties" is limited to the named parties in this action.

    2.    "PHI" or "protected health information" shall have the same scope and definition as set forth in 45 CFR 160.103 and 160.502. Without limiting the generality of the foregoing, "PHI" includes, but is not limited to, health information, including demographic information, relating to either, (a) the past, present or future physical or mental condition of an individual, (b) the provision of care to an individual, or (c) the payment for care provided to an individual, which identifies the individual or which reasonably could be expected to identify the individual.

    3.    "Confidential Material" shall refer to any portion of any document or testimony which contains PHI as such term is used in 45 CFR 160.103 and 160.502.

    4.    Any Person may designate as "CONFIDENTIAL" any Material which it produces or otherwise discloses in response to discovery in the action only upon a good faith belief and reasonable basis in law and fact that the Material is entitled to confidential status.

    5.    Confidential Material shall be subject to the following restrictions:

        a.    Confidential Material shall be used only for the purpose of this litigation (including appeals) and not for any other purpose whatsoever, and

shall not be given, shown, made available or communicated in any way to anyone except those to whom it is necessary that such Material be given, shown, made available or communicated for the purposes permitted under this paragraph, as set forth in paragraph 5(b) below.

      b.     In the absence of written permission from the Party producing the confidential information or further order of the Court, confidential information shall not be disclosed to any person other than:

      (i) counsel of record and other counsel for the named parties and counsels' employees;

      (ii) the Court (including court reporters, stenographic reporters, and court personnel); and

      (iii) the named parties, their officers, directors, employees or agents of any named party, if the confidential information is required for a party's case preparation;

      (iv) expert witnesses and their secretarial or clerical staff, retained by any named party

      (v) deponents (including the stenographic reporters and video technicians); and

      (vi) witnesses and potential witnesses.

      c.     All exhibits to pleadings or other court filings which contain Confidential Material shall be labeled "CONFIDENTIAL -- Subject to Court Order"

and filed under seal, and shall remain under seal until the Court orders otherwise.

      d.      Notwithstanding any of the foregoing provisions, this Order shall not restrict any Person's use of its own Confidential Material.

6. Each Person given access to Confidential Material pursuant to the terms hereof (other than those Persons enumerated in paragraph 5(b)(ii) and (iii) above, counsel of record, and employees of counsel of record) shall be advised that (i) the Confidential Material is being disclosed pursuant to and subject to the terms of this Order and may not be disclosed other than pursuant to the terms hereof, and (ii) that the violation of the terms of this Confidentiality Order (by use of the Confidential Material) in any impermissible manner or for any impermissible purpose may constitute contempt of a court order. Before any Person (other than those Persons enumerated in paragraph 5(b)(ii) and (iii) above, counsel of record, and employees of counsel of record) is given access to Confidential Material, he must also execute a copy of the certificate attached as Exhibit "A."

7. Confidential Material shall be designated as follows:

      a.      In the case of documents, designation shall be made in the case of confidential documents by placing the legend "CONFIDENTIAL" on each page of any such document.

      b.    In the case of interrogatory answers, designation shall be made by placing the legend "CONFIDENTIAL" on each page of any answer or response that contains such Confidential Material.

      c.    All briefs, pleadings or other filings with the Court that incorporate or disclose Confidential Material shall be appropriately labeled on the cover page and filed under seal.

8.    Any Party may at any time, on reasonable notice, move for (i) modification of this Order, or (ii) relief from the provisions of this Order with respect to specific Material.

9.    a.    This Order, insofar as it restricts the communication and use of Confidential Material, shall continue to be binding from the date of filing of the Complaint throughout and after the conclusion of this litigation, including, any appeals. Within 60 days after the conclusion of this litigation (including any appeals), all Confidential Material, and all conforming and nonconforming copies, shall be returned to counsel for the producing Party or shall be destroyed.

      b.    Upon the final determination of this action, including appeals, if any, any Confidential Material which has been submitted to the Court during the course of this action, including Confidential Material submitted for identification and/or evidence at the trial of this action, may be the subject of a withdrawal request addressed to this Court and the consent of all Parties to such request shall not be withheld without good cause.

10. Neither the signing of this Order, nor the designation and disclosure of Confidential Material pursuant hereto shall be construed as a waiver of, or preclude any Person from raising, any objection to discovery or asserting any and all privileges otherwise available. Neither the designation by a party of any document, information or deposition testimony as CONFIDENTIAL, nor its receipt by another party, shall constitute any agreement that the document, information or deposition testimony is actually confidential. In the event that any party to this lawsuit or interested member of the public objects at any point in these proceedings to the designation of any document or information as CONFIDENTIAL, the party or interested member of the public shall state the grounds for the objection. The parties shall thereafter try to resolve such dispute in good faith on an informal basis. If the dispute cannot be resolved, the objecting party shall notify the producing party in writing, and the producing party or the objecting party may seek appropriate relief from this Court, including an order that the documents should or should not be treated as CONFIDENTIAL. Pending a court ruling, the documents must be treated as confidential.

11. Any material that was obtained by means other than through disclosure pursuant to this Order need not be treated as Confidential Material under the terms of this Order.

12. a. In the event that a Party inadvertently produces to any other Party any document that is subject to a recognized claim of privilege, for example, pursuant to the attorney client privilege or work product doctrine, the producing Party may retrieve the privileged documents as follows:

      i. The producing Party must give written notice to all Parties who received copies of the produced document that said document is privileged and state the nature of the privilege.

      ii Upon receipt of such notice, all Parties who have received a copy of the privileged document shall promptly return it to the producing Party and destroy any other copies thereof.

b. No subsequent Motion to Compel the Production of the produced document may rely on an allegation that any privilege as to the document was waived by its production.

*S/ Stephan P. Mickle*
Stephan P. Mickle
Senior United States District Judge

Date: December 9, 2011

8

## EXHIBIT A

As a condition to my being permitted to receive, see, or review any CONFIDENTIAL MATERIALS, I have reviewed and agree to be bound by the Agreed Protective Order in the case of *RehabCare Group East, Inc. d/b/a RehabCare Group Therapy Services, Inc. v. Health Facilities, Inc. d/b/a Tri-County Nursing Home*, Case No. 1:11-CV-66 (N.D. Fla.). I hereby certify that I will comply with the terms of the Agreed Protective Order in full.

I hereby agree to submit to the jurisdiction of the United States District Court for the Northern District of Florida for enforcement of any claimed violation of the terms of the Agreed Protective Order.

_____
Signature

Name: _____

Date: _____

9